Argued January 19, affirmed as modified March 7, 1956

# CHICAGO PHARMACAL COMPANY *v.* HOOD

294 P. 2d 613

*James C. Goode,* Eugene, argued the cause for appellant. On the brief were Harris, Butler & Husk and Vernon D. Cleaves, Eugene.

*Charles O. Porter,* Eugene, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and TOOZE, BRAND and PERRY, Justices.

TOOZE, J.

This is a suit for an injunction, brought by Chicago Pharmacal Company, a corporation, as plaintiff, against Gordon A. Hood, as defendant, to restrain defendant from soliciting or selling to plaintiff's customers products of a competitor, and for other relief. The trial court entered a decree in favor of plaintiff, and defendant appeals.

Plaintiff is an Illinois corporation authorized to transact business in the manner it employed in the state of Oregon. It has been and is engaged in the manufacture and sale of pharmaceutical supplies. In carrying on its business plaintiff employed salesmen and detail men, whose duty it was to call upon members of the medical profession and familiarize them with

plaintiff's products, and to take orders for such products, such orders being filled from plaintiff's Chicago offices.

On February 7, 1950, the defendant entered into a written contract of employment with plaintiff, whereby defendant was employed as a salesman and detail man for plaintiff in an area specifically described and largely covering the western part of the state of Oregon. The portions of that contract material to a decision in this case are the following:

> "The territory of the party of the second part [defendant] shall be known as Territory #93 and comprise that section of western Oregon, bounded on the north by the state line, EXCLUDING Multnomah county (and the city of Portland therein) and Hood River county; bounded on the east by the counties of Wasco, Jefferson, Deschutes, Klamath; bounded on the south by the state line; and bounded on the west by the Pacific Coastline.

> "The party of the second part hereby agrees, in the event this contract is terminated, not to contact the members of the medical profession in the territory herein designated for *a period of one year after such termination* in the capacity of a pharmaceutical salesman or detail man. The party of the second part fully realizes that only in consideration of this covenant does the party of the first part [plaintiff] surrender the data gained over a period of years concerning the territory in question." (Italics ours.)

When defendant assumed the duties of his employment, there was delivered to him by plaintiff a list of plaintiff's customers located in the territory mentioned, together with other data designed to assist defendant in performing his duties. Defendant was paid on a commission basis, being paid commission on all

orders from the territory assigned to him, whether or not he personally took such orders.

As of January 19, 1953, defendant resigned his position by written notice to plaintiff, he himself freely and voluntarily terminating the employment. Immediately thereafter he entered the employ of Ayerest, McKenna & Harrison, business competitors of plaintiff, in substantially the same capacity he had occupied as an employe of plaintiff. As an employe of Ayerest, McKenna & Harrison, defendant for and on behalf of his new employer forthwith commenced to contact medical men and others in the territory above mentioned, and with whom he had dealt on behalf of his former employer. This was in direct violation of his contractual undertaking.

On March 18, 1953, plaintiff commenced this suit to restrain defendant from continuing his actions in violation of his contract, and for damages. Defendant's answer to plaintiff's complaint consisted simply of a general denial.

On trial plaintiff failed to offer any substantial evidence of actual damages, although defendant had not ceased his activities on behalf of plaintiff's business competitor at any time after severing his connections with plaintiff and up to the time of trial. The trial court found that plaintiff was entitled to no more than nominal damages, fixed the amount thereof at $50, and awarded judgment against defendant accordingly. In addition thereto, the court on January 6, 1954, entered a decree as follows:

"IT IS ORDERED, ADJUDGED AND DE-CREED that Defendant be and he hereby is restrained and enjoined from contacting members of the medical profession as a pharmaceutical sales-

man or detail man in the following described area, to-wit:

"[Area particularly described as above set forth.]
to and including *one year from the date of this decree.*" (Italics ours.)

■ It will be observed that the decree provided a restraint of one year "from the date of this decree." The contract which plaintiff sought to enforce provided for a restraint of "one year from the date of the termination of the contract." The trial court had no authority to extend the time beyond that provided for by the contract; it could not make a new agreement for the parties. It was because of this provision of the decree that defendant appealed. Plaintiff did not cross-appeal.

Upon commencement of the suit plaintiff did not apply for, nor was there issued, a temporary restraining order. This no doubt accounted for the actions of defendant in continuing to the time of trial his activities on behalf of Ayerest, McKenna & Harrison. When the decree was entered, there remained but 13 days of the one-year period from the date of the contract's termination. After decree was entered, defendant applied for and secured a stay of proceedings pending this appeal, executing a good and sufficient undertaking therefor as fixed and approved by the trial court. The order staying action on the judgment and decree was entered on March 30, 1954. At that time the period of one year from the termination of the contract had long since expired.

■ We are of the opinion that the contract restriction was reasonable, both as to area and duration, considering the matter in the light of all the facts and circumstances of this case. However, we do not discuss that

phase of the matter. On this day in the case of *Kelite Products, Inc. v. Brandt and Westfall,* we are handing down an opinion in which the principles of law applicable to the instant case are fully stated.

The decree of the trial court is modified by striking therefrom the provision reading "one year from the date of this decree" and substituting therefor the provision reading "one year from the termination of the contract; to-wit, one year from January 19, 1953."

Except as modified, the decree is affirmed. Neither party to recover costs.